CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 29 2006
JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERSHELL STEVEN VANCE,<br>    Petitioner, | )<br>)  Civil Action No.7:06cv00178<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| GEORGE M. HINKLE, WARDEN,<br>    Respondent. | )  By: Samuel G. Wilson<br>)  United States District Judge |

Petitioner Ershell Steven Vance brings this 28 U.S.C. § 2254 petition, challenging his conviction in the Circuit Court of Tazewell County Virginia on three counts of distribution of methamphetamine. Vance raises a host of ineffective assistance claims arising out of his nolo contendere plea and a host of claims concerning the court's handling of that plea. The court finds that Vance's only properly exhausted claims of ineffective assistance of counsel were adjudicated in the state courts and that the adjudication was not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of fact, and that his remaining claims are procedurally defaulted or otherwise not cognizable in federal habeas. Therefore, the court grants respondent's motion to dismiss.

I.

A Tazewell County grand jury indicted Vance on three counts of conspiracy to distribute and three counts of distribution of methamphetamine. Vance entered into a written plea agreement with the Commonwealth in which he agreed to plead "no contest" to the three distribution counts in exchange for the Commonwealth dropping the three conspiracy counts. The written agreement recited that it was the entire agreement between the parties and that there had been no other inducements or promises of any kind. Before entering his plea, Vance completed a nolo contendere plea form which contained a series of questions designed to ensure

the entry of a voluntary and intelligent plea. Vance answered the questions indicating that he was pleading guilty to the three distribution counts; that he had discussed the charges and the elements of those offenses with his counsel; that he had enough time to discuss any possible defenses he might have; that after the discussion he decided for himself that he should plead nolo contendere; that he was entering the plea freely and voluntarily; that he was pleading nolo contendere because he believed the Commonwealth's evidence to be sufficient to find him guilty beyond a reasonable doubt; that he understood he was waiving his right to trial by jury, his right not to incriminate himself, his right to confront and cross-examine his accusers, and his right to defend himself; that no one had threatened him in any manner or attempted to force him to enter a plea of nolo contendere; that no one had made any promises concerning his plea of nolo contendere; that he understood the maximum possible penalty for each offense was from 5 to 40 years imprisonment; that he understood that if he were to be sentenced consecutively, the court could sentence him to 120 years imprisonment; that he understood that the court was not required to follow the sentencing guidelines; that he was satisfied with the services of his attorney; that he understood that he was waiving his right to appeal the court's decision except as to certain very limited matters; that he had entered into a plea agreement with the Commonwealth and that agreement contained the full and complete agreement; that any recommendation in the plea agreement as to a sentence was not binding on the court; that the court could defer its decision to accept or reject the agreement until the court had an opportunity to consider a presentence report; and that Vance understood all the questions he had answered.

During the plea colloquy the Judge specifically questioned Vance about the plea form and the plea agreement. Vance indicated that he read and understood the plea form and plea

agreement and that all of the written answers were his. The Judge also advised Vance that because the plea agreement did not contain an approved sentence recommendation, the court could impose any punishment it determined appropriate. The Commonwealth Attorney then read a stipulated statement of facts. According to the stipulated statement, a "wired" informant purchased methamphetamine on three separate occasions from Vance and his wife at Vance's home in the "Doran Bottom section of Tazewell County, Virginia." According to the stipulation, on the first occasion, August 28, 2002, the informant purchased one half gram of methamphetamine from Vance for $50; on the second occasion, September 11, 2002, he purchased another half gram for $50; and on the third occasion, September 12, 2002, he purchased two grams for $200. The Judge asked Vance if he understood the stipulation and whether he agreed with it, and Vance answered that he understood and agreed with the stipulation. The Judge found sufficient evidence to support the plea, took the plea under advisement, ordered a presentence report, and set the matter for sentencing.

At sentencing, Vance testified that he made only enough money from the sale of methamphetamine to support his own habit. Before pronouncing sentence, the Judge made a finding of guilt as to each of the three charges and asked Vance if he had anything to say before the court imposed sentence. Following allocution, the Judge essentially stated that he did not believe that Vance was simply supporting his own habit, but rather believed that Vance was running a "for profit business." The Judge then sentenced Vance to 40 years imprisonment on each count, but suspended all but 20 years on one count.

Vance appealed his conviction to the Virginia Court of Appeals, raising only two arguments: (1) the trial court misinterpreted the pre-sentence report, and (2) that he was

3

sentenced in excess of the sentencing guidelines. The Court of Appeals found that Vance's sentence was within the range set by the legislature. Thus, according to the Court of Appeals, even if the sentencing court misinterpreted the pre-sentence report, there was no abuse of discretion. Accordingly, it denied his petition. Vance petitioned the Supreme Court of Virginia for review, but that court denied his petition.

Vance then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. In that petition, Vance argued (1) that the trial court erred in failing to comply with Rule 3A:8 of the Rules of the Supreme Court of Virginia, which prohibits a circuit court from accepting "a plea of guilty or nolo contendere to a felony without first determining that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea" and with Virginia Code § 19.2-283, which provides that "[n]o person shall be convicted of a felony, unless by his confession of guilt in court, or by his plea, or by the verdict of a jury, accepted and recorded by the court, or by judgment of the court trying the case without a jury according to law;" (2) that his conviction and sentence were void because the sentencing court lacked subject matter jurisdiction; and (3) that counsel was ineffective in two ways: first, in failing to present effectively an adequate accommodation defense, and second, in failing to object to or raise on appeal the trial court's failure to comply with Rule 3A:8 and Va. Code § 19.2-283.

The court rejected Vance's first claim based on Slayton v. Parrigan, 215 Va. 27, 29 (1974), cert. denied, 419 U.S. 1108 (1975), because Vance failed to raise the underlying issues either at trial or on direct appeal. It rejected his second claim, finding that the record established jurisdiction. Finally, it rejected his two ineffective assistance claims because he failed to satisfy either the deficient performance or prejudice prong of Strickland v. Washington, 466 U.S. 668,

4

687 (1984). As to the first ineffective assistance claim, the court noted that the record established that counsel, in fact, presented an accommodation argument during the sentencing hearing, which included testimony that petitioner had made little money from the sale of methamphetamine and that he sold the drug primarily to finance his own habit. As to the second ineffective assistance claim, the court found that because the sentencing court complied with Rule 3A:8 and Va. Code § 19.2-283, Vance could not establish that counsel's allegedly deficient performance effected the outcome of the proceeding.

Vance's current § 2254 petition raises the same claims he raised in his state habeas petition and a number of others, as well.

## II.

The Supreme Court of Virginia adjudicated and denied on the merits Vance's claims that counsel failed to object to or raise on appeal the trial court's non-compliance with Rule 3A:8 and Va. Code § 19.2-283 and that counsel failed to present effectively an adequate accommodation defense. Therefore, this court cannot grant relief on those claims unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 364-5 (2000).

The Supreme Court of Virginia found that the trial court complied with the applicable Virginia rule and code section in conducting Vance's plea colloquy and in accepting his plea, and Vance's counsel, therefore, had no basis on which to object or raise these issues on appeal. The

5

court also found that counsel, in fact, made an adequate accommodation argument at sentencing.[1] Therefore, according to the Supreme Court of Virginia, Vance could not establish that but for counsel's alleged errors the outcome of the proceeding would have been different, and Vance could not satisfy the prejudice prong of Strickland v. Washington, 466 U.S. 668, 687 (1984).

The Supreme Court of Virginia's conclusion that the trial court complied with Virginia law in conducting Vance's plea colloquy and in accepting his plea is entitled to special deference, as that Court is the state's highest court, and the record fairly supports its conclusion. Likewise, the record also fairly supports that court's conclusion that Vance's counsel, in fact, essentially made an accommodation argument at sentencing. It follows that the Supreme Court of Virginia's conclusion that Vance failed to demonstrate prejudice is a reasonable application of federal law, and this court dismisses these ineffective assistance claims.

### III.

The remainder of Vance's claims are not reviewable, either because he has defaulted them or because they raise only state law claims. The Supreme Court of Virginia found that Vance procedurally defaulted claims of trial court error under Slayton v. Parrigan, 215 Va. 27,

---

[1] The court notes that Vance asserts that had counsel made an adequate accommodation distribution argument he would have been sentenced for a Class 1 misdemeanor as opposed to a felony. The argument lacks merit. First, distribution of methamphetamine does not become a misdemeanor because it is an accommodation. Second, an accommodation distribution defense provides only for the mitigation of *punishment* in instances where although the defendant has been convicted of distribution, the court finds at sentencing that the defendant is not a drug dealer motivated by profit or intent to encourage the use of drugs, but is instead motivated only by a desire to accommodate a friend. Foster v. Commonwealth, 38 Va.App. 549, 557 (2002). "'[P]rofit' . . . means 'any consideration received or expected.'" Heacock v. Commonwealth, 228 Va. 397, 407 (1984)(quoting earlier version of Va. Code § 18.2-248). Vance stipulated that on three occasions he sold methamphetamine to a confidential informant for a total of $300. Therefore, it is clear he profited from this transaction, and he had no accommodation distribution defense.

6

29 (1974), an independent and adequate state procedural ground barring federal review.[2]

Similarly, Vance failed to properly exhaust his remaining ineffective assistance claims in the Virginia courts.[3] Thus, these claims are simultaneously exhausted and defaulted and, therefore, not reviewable on federal habeas. Teague v. Lane, 489 U.S. 288, 297-99 (1989).[4] Accordingly,

---

[2] Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998)(citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)).

[3] A petitioner must present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state courts "a meaningful opportunity to consider allegations of legal error." Vasquez v. Hillary, 474 U.S. 254, 257 (1986). Accordingly, the petitioner must raise those claims at every appellate level or the state's highest court must have specifically addressed them on the merits. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (noting that merely presenting the claims to the state's highest court for discretionary review does not satisfy the exhaustion requirement). Vance argues that he has properly exhausted these claims because he stated in his response to the Commonwealth's motion to dismiss his state habeas petition, that his "plea is involuntary due to the ineffective assistance of counsel" and that he described the facts which he now raises in support of his current ineffective assistance claim. However, this does not meet the "fair presentation" requirement for exhaustion. See Fisher v. Angelone, 163 F.3d 835, 851 (4th Cir. 1998)(finding that a claim raised on the merits in state court cannot be asserted as an ineffective assistance claim in § 2254 proceedings).

[4] Moreover, even if Vance had properly exhausted these claims, he would not be entitled to relief. Vance's plea of nolo contendere has the same effect as a plea of guilty. See Clauson v. Commonwealth, 29 Va.App. 282, 289-90 (1999). Thus, to establish ineffective assistance of counsel, in addition to deficient performance, Vance must establish that "but for counsel's errors he would not have pleaded . . . [nolo contendere] and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). This requires a determination as to whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to Vance. North Carolina v. Alford, 400 U.S. 25, 31 (1970). In making this determination, the court looks to the totality of the circumstances surrounding the plea and affords Vance's declarations to the court a presumption of truthfulness. See Brady v. United States, 397 U.S. 742, 749 (1970); Henderson v. Morgan, 426 U.S. 637, 648 (1976) (White, J., concurring). Moreover, the record, including Vance's written answers to the written questions contained in his nolo contendere plea form, his signature on his plea agreement, and his answers to the court's questions about those matters in open court, belie Vance's implicit argument that his plea was not knowingly and voluntary. Indeed, the record contradicts Vance's factual assertions. They are "palpably incredible and patently frivolous or false." U.S. v. Lemaster, 403 F.3d 216, 220-223 (4th Cir. 2005).

Because Vance's plea was a voluntary and intelligent plea, strongly supported by the evidence, the court finds that even absent counsel's allegedly deficient performance, Vance would

7

this court may not review these claims unless Vance shows cause and prejudice to excuse his procedural defaults. Vance has made no such showing; therefore, the court must dismiss these claims.

Finally, Vance's allegation that the sentencing court did not have jurisdiction to impose a sentence essentially distills to an interpretation of state law and procedure[5] and is not subject to federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67(1991), citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Wright v. Angelone, 151 F.3d 151, 157-58 (4th Cir. 1998)(finding that petitioner's claims which rested solely on the interpretation of state case law and statutes were not cognizable on federal habeas). Accordingly, the court dismisses it, as well.

## IV.

For the foregoing reasons, the court grants respondent's motion to dismiss.

**ENTER**: This August 29, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

not have insisted on going to trial, but rather would have pled nolo contendere as he did. Vance, therefore, has failed to establish prejudice under Strickland.

[5] Vance first appeared to argue that because the state did not prove that his offenses occurred in Virginia, the trial court lacked jurisdiction to impose aسentence. However, Vance apparently now concedes, as he must, that during his plea the state presented detailed evidence establishing that his offenses occurred in Virginia. Accordingly, he does not now argue that the offenses did not occur in the Commonwealth, but instead raises a convoluted, frivolous argument that really has nothing to do with jurisdiction.